TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jay Rumpf

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Rumpf, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Prog Leasing, LLC d/b/a Progressive Leasing; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES,  INJUNCTIVE RELIEF AND DECLARATORY RELIEF PURSUANT TO 47 U.S.C. § 227,** *et seq.* **(TELEPHONE CONSUMER PROTECTION ACT)** <br><br> **Demand for Jury Trial** |

1

For his Class Action Complaint, Plaintiff, Jay Rumpf, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.     Plaintiff, Jay Rumpf ("Plaintiff"), brings this class action for damages, as well as declaratory and injunctive relief, from the illegal actions of Prog Leasing, LLC d/b/a Progressive Leasing ("Progressive" or "Defendant").  Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.     The TCPA outlaws calling consumers with automated technology without their "prior express consent." 47 U.S.C. § 227(b)(1)(A).  Such consent cannot be 'implied' or 'presumed' through the provision of a telephone number by some third party.  Rather, prior *express* consent is that received directly from the "current subscriber" or "customary user" of the phone number. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, FCC 15-72, at ¶ 72 (July 10, 2015) ("2015 FCC Ruling").

## PARTIES, JURISDICTION AND VENUE

3.     Plaintiff is, and at all times mentioned herein was, an adult individual residing in Phoenix, Arizona.

4.     Progressive is, and at all times mentioned herein was, a Delaware business entity with a principal place of 256 West Data Drive, Draper, Utah 84020.

5.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012).

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides and received the subject telephone calls in this judicial district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7.      In the last four years, Defendant placed calls to Plaintiff's cellular telephone number, 480-xxx-5754.

8.      Defendant placed calls to Plaintiff's cellular telephone number from several different numbers, including 701-989-7920, 207-480-3985, 312-525-9091, 208-497-3612, 703-574-9800, and 520-635-2120.

9.      Defendant placed its calls using an 'automatic telephone dialing system' ("autodialer") and a 'prerecorded voice,' within the meaning of 47 U.S.C. § 227(b)(1).

10.     When Plaintiff answered calls from Defendant, he was greeted with a pre-recorded voice message stating "This is an important message from Progressive Leasing . . . ."  There was no live person to speak with on these calls, just a prerecorded voice playing a message.

11.     On other calls, Plaintiff would have to wait on the line through several seconds of silence before a live representative came on the line.

12.     When Plaintiff did not answer Defendant's calls, Defendant left pre-recorded voicemail stating "This is an important message from Progressive Leasing . . . ."  The voicemail were not delivered by a live person , but by a pre-recorded voice.

13.     On one call from Defendant, Plaintiff waited on the line to speak with a live representative.  The representative indicated it was calling to reach someone other than Plaintiff.  Plaintiff advised he was not that person and instructed Progressive to stop calling.

14.     Defendant continued to place its autodialed calls to Plaintiff's cellular telephone.

15.     Plaintiff does not have business with Defendant and never provided Defendant his cellular telephone number or prior express consent to call or autodial it.

16.     Plaintiff has not received any letters in the mail from Defendant.

3

17.     Plaintiff was annoyed, frustrated, and inconvenienced by Progressive's calls.

18.     Defendant's calls distracted Plaintiff while he was driving.

19.     Defendant's unwanted calls have invaded Plaintiff's cellular telephone. Plaintiff has had to turn his phone on 'silent mode' to prevent being distracted.

20.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ACTION ALLEGATIONS

**A. *The Class***

21.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

22.     Plaintiff represents, and is a member of the following classes:

**The "TCPA Class": (1) All persons within the United States (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an autodialer or prerecorded voice (5) within four years of the complaint.**

**The "Revoke Class": (1) All persons within the United States (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an autodialer or prerecorded voice (5) within four years of the complaint, (6) after said person instructed Defendant to cease calling.**

23.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**B. *Numerosity***

24.     Upon information and belief, Defendant has placed prerecorded or artificial calls with ATDS to cellular telephone numbers belonging to thousands of

4

consumers throughout the United States without their prior express consent.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

25.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C. _Common Questions of Law and Fact_**

26.    There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members.  These questions include:

a.  Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

b.  Whether Defendant made non-emergency calls to Plaintiff and the Class members' cellular telephones using an autodialer;

c.  Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

d.  Whether Defendant ignored Plaintiff and the Revoke Class's valid requests to cease calling;

e.  Whether Defendant's conduct was knowing and/or willful;

f.  Whether Defendant is liable for damages, and the amount of such damages; and

g.  Whether Defendant should be enjoined from such conduct in the future.

27.    The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places unauthorized automated

5

calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. *Typicality***

28.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. *Protecting the Interests of the Class Members***

29.    Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F. *Proceeding Via Class Action is Superior and Advisable***

30.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

31.    Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

**COUNT I**
**Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227, *et seq.***

32.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

6

33.     Defendant placed multiple prerecorded or artificial calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

34.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

35.     Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36.     Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

37.     Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used prerecorded voices and/or artificial voices on its calls to Plaintiff and the Classes; and

Defendant placed calls to the Plaintiff and the Classes without prior express consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

38.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39.     Defendant knowingly and/or willfully placed multiple prerecorded or artificial calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

40.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

41.     As a result of Defendant's knowing and/or willful violations of the TCPA,

Plaintiff and the Classes are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.    Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

43.     Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used prerecorded voices and/or artificial voices on calls to Plaintiff and the Classes;
- Defendant willfully ignored Plaintiff and the Revoke Class's valid requests to cease calling;
- Defendant willfully placed automated calls to the Plaintiff and the Classes at the numbers received from those third parties, knowing it did not have prior express consent to do so; and
- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Declaratory relief as prayed for herein;

3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

8

4.  Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

5.  An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

6.  Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 13, 2017                    Plaintiff, Jay Rumpf


By:  ___*/s/ Trinette G Kent*_____
    Trinette G. Kent
    10645 North Tatum Blvd., Suite 200-192
    Phoenix, AZ 85028
    Telephone: (480) 247-9644
    Facsimile: (480) 717-4781
    E-mail: tkent@lemberglaw.com